UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISAAIH XAVIZER ASH,

        Plaintiff,

v.                                         Case No. 3:20-cv-965-J-32PDB

JUDGE PAUL BRYAN, et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a pretrial detainee at the Columbia County Jail, initiated this action by filing a pro se Civil Rights Complaint. Doc. 1. Plaintiff is currently in pretrial custody for a pending state court criminal case in which the state is prosecuting Plaintiff for attempted armed robbery while masked. See State v. Ash, No. 12-2019-CF-000796 (Fla. 3d Cir. Ct.). He names four defendants: Paul Bryan, Circuit Judge for the Third Judicial Circuit of Florida; Leandra G. Johnson, Circuit Judge for the Third Judicial Circuit of Florida; Travis Munden, Assistant State Attorney; and Tonya Davis, Assistant State Attorney. Doc. 1.

Plaintiff argues that Defendant Munden allowed Defendant Davis to file formal charges and illegally issue an arrest warrant that did not contain a judge's signature. Id. at 9. According to Plaintiff, police arrested him per that illegal warrant on July 25, 2019, violating his Fourth Amendment rights; but

he was then released on August 8, 2019. Id. Plaintiff contends that Defendant Johnson then signed and issued another illegal warrant that was not accompanied with an affidavit or probable cause, and that he is still being detained pursuant to the second illegal warrant. Plaintiff contends that any evidence obtained after each warrant was executed should be suppressed under the fruits of the poisonous tree doctrine. Id. Plaintiff asserts he filed a motion to suppress based on this theory in state court and Defendant Bryan maliciously denied the motion to keep Plaintiff illegally detained. He also appears to allege that Defendant Munden is engaging in malicious prosecution. As relief, Plaintiff requests to be "exonerated immediately" and "money damages" in the amount of "1,000 dollars monetary value for each of these [sic]." Id. at 10.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central

2

State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action"

3

that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Plaintiff's allegations against Defendant Munden are premature claims of malicious prosecution. See Williams v. Holland, No. 3:15-cv-1322-J-20TEM, 2006 WL 27716, at *2 (M.D. Fla. Jan. 5, 2006). "In order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the

4

criminal proceeding that gives rise to the action has terminated in favor of the accused." Id. (citing Heck v. Humphrey, 512 U.S. 477, 484 (1994). Here, Plaintiff has not alleged that the underlying criminal case has terminated in his favor. As such, he has failed to state a claim upon which relief may be granted. Further, to the extent Plaintiff is attempting to hold Defendant Munden liable for another prosecutor's actions based on the theory of respondeat superior, the Eleventh Circuit has rejected this theory of liability in § 1983 cases. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). Thus, the claims against Defendant Munden are due to be dismissed.

Insofar as Plaintiff seeks money damages against Defendants Munden and Davis for their actions in prosecuting Plaintiff's state court case, those claims are also due to be dismissed. Prosecutors are "entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)). As such, Plaintiff cannot recover monetary damages from Defendants Munden and Davis for actions they took or are taking as a

prosecutor in Plaintiff's state court criminal case.

As to Plaintiff's claims against Defendants Bryan and Johnson, judges are absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. Bolin, 225 F.3d at 1239; Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even if the judge's acts are in error, were malicious, or were in excess of his jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978). As such, Plaintiff's request for monetary damages from Defendants Bryan and Johnson are due to be dismissed.

However, "[s]tate judges are not immune from declaratory relief in a section 1983 action." Wells v. Miller, 652 F. App'x 874, 875 (11th Cir. 2016) (citing Bolin, 225 F.3d at 1240); see also 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). "In order to receive declaratory or injunctive relief, [a] plaintiff[] must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." Bolin, 225 F.3d at 1242; see Wells, 652 F. App'x at 875 ("To warrant [declaratory] relief, a plaintiff must show: (1) that there was a violation; (2) that there is a serious

risk of continuing irreparable injury if relief is not granted; and (3) the absence of an adequate remedy at law." (citation omitted)). Plaintiff has not adequately alleged that he is entitled to declaratory or injunctive relief; and thus, any such claims against Defendants Bryan and Johnson are due to be dismissed.

Finally, and perhaps most importantly, much of Plaintiff's allegations deal with his ongoing state court criminal case. This Court will abstain from interfering with those proceedings. Plaintiff may address his concerns with the state court by filing an appropriate motion in that court or voicing his concerns at a scheduled hearing.

It is, therefore, **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of September, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

7

Jax-7

C:   Isaaih Xavizer Ash, #19003867